

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Hon. Bert Ford, Administrator
Texas Liquor Control Board
P. O. Box 56
Austin 1, Texas

Dear Sir:                           Opinion No. 0-7280

                              Re:  Whether the contract for the
                                   purchase and sale of beer here
                                   presented is in violation of
                                   Article 667-24(1) (J), V.A.P.C.

          We have received your letter of June 12, 1946, which is
quoted as follows:

          "Penal Code, Art. 667, Sec. 24(1) (J) provides:

          "'(1)  It shall be unlawful for any manu-
facturer or distributor, directly or indirectly,
or through a subsidiary or affiliate, any agent
or any employee, or by any officer, director, or
firm member: * * *

          "'Exclusive Outlet:  To require, by agree-
ment or otherwise, that any retailer engaged in
the sale of brewery products shall purchase any
such products from such persons to the exclusion
in whole or in part, of the products sold or of-
fered for sale by any other person engaged in the
manufacture or distribution of brewery products,
or to require the retailer or take or dispose of
a certain quota of any such product.'

          "You will note particularly the language of the
last phrase, 'to require the retailer to take or dispose
of a certain quota of any such product.'

          "Galoob Distributing Company (Milton Galoob) of
Longview, Texas, a wholesaler distributer of beer, proposes
to make contracts with retail distributors of beer whereby
he sells such retailers either Embassy beer, a product of
Best Brewing Company, or Medford Beer, a product of Medford
Brewing Company of Chicago; such proposed contract is set

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Hon. Bert Ford - Page 2

forth in the next succeeding paragraph. There is to be no agreement between the wholesale distributor and the retailer except that evidenced by such written contract.

"We should like your opinion as to whether or not such contract for the purchase and sale of beer in the following language would be in violation of the above quoted provision of the Penal Code:

"'This memorandum of an Agreement, made this _____ day of _____, 1946, by and between Galoob Distributing Co. (Milton Galoob), hereinafter called Seller, and _____, hereinafter called Buyer, bears evidence as follows:

"'Seller has sold and by these presents does hereby bargain to sell unto Buyer one thousand cases of _____ beer to be delivered one-half during the first twelve months succeeding this contract and one-half during the following twelve months, for $_____ per case, or for the ceiling price fixed thereon in the event $_____ per case is greater than the ceiling price; and Buyer agrees to pay for same in cash at _____ in _____ County, Texas.

"'To guarantee faithful performance of this contract, Buyer has deposited with Seller 32½ cents per case, which shall be held by Seller as a deposit throughout the first twelve months of this contract, and during the following twelve months for each case of the 500 cases contracted for, Seller shall allow Buyer 65 cents per case credit thereon.

"'In the event Buyer shall fail or refuse to take said beer as hereinabove contracted for promptly and to pay therefor in cash as above provided, then and in that event Buyer shall forfeit to Seller whatever amount of deposit remains on hand as full liquidated damage for breach of this contract.'

"The Texas Liquor Control Board has consistently refused to allow distributors to make contracts with retailers similar to the one proposed by the Galoob Distributing Company, on the theory that if the phrase 'to require the retailer to take or dispose of a certain quota of any such product' means anything, it certainly means that the distributor cannot make a contract with the retailer to take a certain amount of beer. I believe you will agree that the entire Texas Liquor Control

Hon. Bert Ford - Page 3

Act has been designed to prevent a wholesaler from subsidizing a retailer in any way."

You have correctly quoted Article 667-24 (1) (j) of the Penal Code of Texas and we note particularly the last phrase thereof as follows:  "to require the retailer to take or dispose of a certain quota of any such product."  We have found no legal decisions construing this Article, or one similar thereto, and consequently our construction of it as stated below contains no citations.

It is our opinion that the intention of the Legislature which motivated the passage of the foregoing statute was to prevent a distributor's scheme of monopoly or subsidization over a retailer by requiring him to contract for the purchase of a certain amount or brand of beer or to receive no contract at all. We do not think it was the purpose of the statute to prevent the making of all written contracts whereby the retailer receives a certain amount or brand of beer, as such inhibition would produce a greater evil than that which the statute attempts to remedy. We interpret the words "to require the retailer to take or dispose of a certain quota . . ." to mean that if there is a requirement by the distributor, to the extent of coercion, in offering the retailer the choice of accepting a contract for a certain amount or brand of beer or simply to receive no contract, the agreement then is violative of this Article.

On the other hand, it is our opinion that the Article was not intended to be an infringement upon the fair and reasonable contracting rights of distributors and retailers. That is, if the amount or brand of beer covered by each contract is determined by the demands and wishes of the purchaser (the retailer) and such contract is executed to supply his needs and serve his legitimate interests, then the agreement would not come within the prohibition of this Article even though the agreement to buy or deal in these particular products was transacted through only one individual distributor.

By simply reading the contract you present here, we are unable to determine within which of the foregoing categories it falls because we are not familiar with the circumstances surrounding its execution. Whether there has been some form of coercion which induced the making of the contract or whether it has been executed fairly pursuant to the retailer's requirements is not evident from the face of the instrument. Such a determination requires an investigation into the intentions of the parties and their positions in the bargain as influenced by present

Hon. Bert Ford - Page 4

economic shortages. This is a responsibility of the Texas Liquor Control Board and its administrator.

Pursuant to the standards we have outlined above, it is within the Board's sound discretion, upon completing a study of the background and circumstances surrounding the making of the contract, to determine whether the agreement is a valid, fair and reasonable business bargain or whether it was impelled by the coercion of the distributor contrary to Article 667-24 (1) (J), V.A.P.C.

We trust this satisfactorily answers your inquiry.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By    (Signed) Jack K. Ayer
                    Assistant

APPROVED AUG 1 1946

(Signed) Carlos C. Ashley

FIRST ASSISTANT
ATTORNEY GENERAL

JKA/djm/JMc/sl

APPROVED
OPINION COMMITTEE

BY    A.L.M.

CHAIRMAN